UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ALONZO FELLS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 14-3115-SEM-TSH |
| | ) |
| | ) |
| IDOC, LOGAN CORRECTIONAL | ) |
| CENTER, and LINCOLN | ) |
| CORRECTIONAL CENTER, | ) |
| | ) |
| Defendants. | ) |

## MERIT REVIEW OPINION

**SUE E. MYERSCOUGH, U.S. District Judge:**

This cause is before the Court for a merit review, pursuant to 28 U.S.C. § 1915A, of Plaintiff Alonzo Fells' claims.

## I.
## MERIT REVIEW UNDER 28 U.S.C. § 1915(A)

Under 28 U.S.C. § 1915(e)(2) and § 1915A, the Court is required to carefully screen a complaint filed by a plaintiff who seeks to proceed in forma pauperis. The Court must dismiss a complaint, or a portion thereof, if the plaintiff has raised claims that are legally "frivolous or malicious," that fails to state a claim upon

1

which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *Id.*

The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim for relief if the complaint does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

In reviewing the complaint, the Court accepts the factual allegations as true and liberally construes them in plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013). Conclusory statements and labels are insufficient. Fed. R. Civ. P. 8; *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012) (holding that, in order to determine if a complaint states a plausible claim, the court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in the pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions). Instead, sufficient facts

must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013)(internal quotation omitted).

## II.
## ANALYSIS

On December 6, 2012, Fells was an inmate within the Illinois Department of Corrections and was housed at the Logan Correctional Center ("Logan"). Fells was subsequently transferred to the Lincoln Correctional Center ("Lincoln").

Fells alleges that, while at Logan, he was diagnosed as suffering from a cataract in his left eye. Despite this diagnosis, Fells claims that he did not receive any treatment for his eye condition at either Logan or Lincoln. Fells further complains of inadequate access to the law library at both Logan and Lincoln. Fells states that he received no assistance in filing this Complaint from anyone at either Logan or Lincoln due to the inadequate library and that the inadequate law library and lack of assistance violated his Eighth Amendment rights.

As for Fells' claim of an inadequate library, Fells has failed to state a claim. Fell may have had difficulty filing his Complaint, but

he managed to file it. Moreover, Fells is no longer incarcerated. Therefore, he is not entitled to injunctive relief based upon an alleged denial of access to the law library or to the courts.

On the other hand, Fells has stated a claim for deliberate indifference to a serious medical condition based upon his claim that he received no treatment for his eye condition while incarcerated at Logan and Lincoln. However, Fells' Complaint fails to name or identify a proper party defendant.

Fells has filed this suit under 42 U.S.C. § 1983. Section "1983 applies only to a 'person' who acts under color of state law." *Dye v. Wargo*, 253 F.3d 296, 299 (7th Cir. 2001). None of the named Defendants is a "person" who may be sued under § 1983. *Wright v. Porter County*, 2013 WL 1176199, * 2 (N.D. Ind. Mar. 19, 2013) ("Wright also sues the jail itself, but this is a building, not a 'person' or even a policy-making body that can be sued for constitutional violations."); *Phillips v. Sangamon County Jail*, 2012 WL 4434724, * 2 (C.D. Ill. Sept. 24, 2012)(same).

Fells should be able to identify at least one person who he believes should have but failed to provide medical treatment or was otherwise deliberately indifferent to his serious medical need.

Accordingly, the Court will give Fells 21 days from the date of this Order within which to file an Amended Complaint. If he chooses to file an Amended Complaint, Fells should identify the person or persons who he believes were deliberately indifferent to his serious medical needs. Fells should explain in a short, plain statement what actions these individuals did or did not take that he believes constitutes a violation of his Constitutional rights and explain why he believes that these actions or inactions violated his Constitutional rights.

As for Fells' pending motions, the Court grants his motion to proceed in forma pauperis but denies his motion for the appointment of counsel. Fells represents in his motion to proceed in forma pauperis that he has no source of income, that he has no employment, and that he has no funds. Based upon these representations, the Court will allow Fells to proceed in forma pauperis and will waive the initial partial filing fee.

As for his motion for the appointment of counsel, the Court cannot consider the merits of the motion until Fells shows that he has made reasonable efforts to find counsel on his own. *Pruitt v. Mote,* 503 F.3d 647, 654-55 (7th Cir. 2007). Typically, a plaintiff

makes this showing by writing to several different law firms and attaching the responses to the motion for appointment of counsel. Fells may renew his motion for counsel, but if he chooses to do so, he should attach the responses that he has received from the lawyers that he has contacted in which those lawyers decline his request to represent him.

In addition, Fells should set forth his educational level, work experience inside and outside of the facility, his litigation experience (if any), and any other facts relevant to whether he is competent to proceed without an attorney.

**IT IS, THEREFORE, ORDERED:**

**1. Plaintiff's motion to proceed in forma pauperis [3] is GRANTED, and the initial reduced payment requirement is WAIVED.**

**2. Plaintiff's motion for appointment of counsel [4] is DENIED.**

**3. Plaintiff has 21 days from the date of this Order to file an Amended Complaint that complies with the dictates of this Order. If Plaintiff fails to file an Amended Complaint that complies with the dictates of this Order, the Court will dismiss**

6

**this case for failure to state a cause of action upon which relief can be granted. 28 U.S.C. § 1915(g).**

ENTERED this 24th day of October, 2014:

                                       s/ Sue E. Myerscough
                                        SUE E. MYERSCOUGH
                                  UNITED STATES DISTRICT JUDGE